IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: KEVIN J. CLIFTON, JR AND              CHAPTER 13
JULIETTE C. CLIFTON,                          CASE NO. 08-50372-ERG
DEBTORS

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW, The Estate of Argie B. Burstein, by and through it's undersigned attorney, William P. Wessler, and in response to the Plan proposed by the Debtors would show as follows:

I.

That The Estate of Argie B. Burstein is a Creditor holding a valid, final judgment against the Debtors rendered January 13, 2005 by the Chancery Court of Harrison County Mississippi, First Judicial District in the amount of $188,439.53 plus 6% interest, which is based on breach of fiduciary duty and/or embezzlement. Further, due to the stipulated agreement made in open court in that case, the Court found that said judgment "shall not be dischargeable in bankruptcy." A true and correct copy of the judgment is attached to and made a part hereof.

II.

Although the debt the Burstein Estate is apparently acknowledged to be nondischargeable on schedule J filed by the Debtors, the plan does not address the claim and calls to Debtors' counsel failed to clarify the intent of the plan with regard to this claim which we believe to be nondichargeable. Accordingly, The Estate of Argie B. Burstein requests that the Court deny confirmation of the plan and further requests that the Court award in it's favor a judgment against the Debtors for reasonable costs and fees incurred in the filing and prosecution of this Objection.

RESPECTFULLY SUBMITTED, this the 21 day of May , 2008.

*/s/ William P. Wessler*

WILLIAM P. WESSLER
1624 24th Avenue
GULFPORT, MISSISSIPPI 39501
(228) 863-3686
MSB#7110

### CERTIFICATE OF SERVICE

I, WILLIAM P. WESSLER, do hereby certify that I have this day mailed, postage prepaid, or delivered electronically via ECF , a true and correct copy of the above and foregoing Objection to:

    David L. Lord, Esq.
    2300 24th Avenue
    Gulfport, MS  39202
      Attorney for Debtor

    Warren A. Cuntz, Jr.
    P. O. Drawer C
    Gulfport, MS  39502
      Chapter 13 Trustee

SO CERTIFIED, this the 21 day of May , 2008

*/s/ William P. Wessler*
WILLIAM P. WESSLER

BK1167PG0030

IN THE CHANCERY COURT OF HARRISON COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT

IN THE MATTER OF THE CONSERVATORSHIP
OF ARGIE BURSTEIN

HERTIS H. BOYLES

NO. 03-02369

PETITIONER

JULIETTE CLIFTON and
KEVIN CLIFTON, JR.

RESPONDENTS

### FINAL JUDGMENT

THIS cause came to be heard for trial on December 1-2, 2004, before Chancellor Sanford R. Steckler, upon the Complaint and Request for Accounting filed by Hertis H. Boyles, the Court appointed Conservator of the Person and Estate of Argie Burstein. The Court, having heard the testimony of the parties and their witnesses, reviewed extensive documentary evidence and the applicable case law, and being fully advised in the premises, hereby finds as follows:

I.

That a Judgment for Appointment of Conservator of Argie Burstein was entered on November 12, 2003, and that said Judgment appointed Hertis H. Boyles as the Conservator of the Person and Estate of Argie Burstein, who was born June 26, 1923, and at the time of the entry of the Judgment, she was 80 years of age and a resident of the First Judicial District of Harrison County, Mississippi. The Court finds that Letters of Conservatorship were issued to Hertis H. Boyles on November 12, 2003, evidencing his appointment as Permanent Conservator of the Person and Estate of the Ward.

BK 1167PG0031

II.

On December 12, 2003, this Court authorized Hertis H. Boyles, in his capacity as Conservator, to retain Timothy L. Murr as his counsel to investigate and file suit against any responsible third parties in an effort to retrieve misappropriated funds and personal property belonging to Argie Burstein that may have been misappropriated prior to the Judgment Appointing Conservator entered on November 12, 2003.

III.

The Court finds that a Complaint and Request for Accounting was filed on or about December 30, 2003 and that service of process was issued to the Defendants, Juliette Clifton and her husband, Kevin Clifton, Jr., who were personally served with process. The Defendant's counsel of record, Richard J. Smith, entered his appearance on or about January 19, 2004, and the Defendants subsequently filed an Answer to Complaint and Request for Accounting on February 13, 2004, in which they denied the allegations of the Complaint and Request for Accounting.

IV.

The Court finds that after extensive Discovery, this matter was set for trial on September 1-3, 2004 and subsequently re-set for trial on December 1-3, 2004 by Order dated August 20, 2004.

V.

The Court finds that the trial was held on December 1-2, 2004 and upon the parties resting, the Court enters the following Findings of Fact and Conclusions of Law.

2

## CONCLUSIONS OF LAW

The Court has reviewed *In the Matter of the Conservatorship of the Person and Estate of June D. Williams: Essie Parker v. Clementine Parker*, 97-CA-00205-COA (Miss. 1998) which the Court finds is applicable to the case *sub judice* and which clearly outlines the definitions of a fiduciary relationship:

> there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and duties involved in it need not be legal, it may be moral, social, domestic, or merely personal." *Mansell v. Gross*, 345 So. 2d 1315, 1316 (Miss. 1977). Mississippi statutory law makes clear that a fiduciary or a conservator is prohibited from using or borrowing the funds or property belonging to a ward. *Miss. Code Ann.* § 91-7-253 (Rev. 1994). Id at 1026.

The Court particularly notes that whether in a '*de facto*' or 'formal' Conservatorship a fiduciary shall not benefit from their financial and/or personal relationship with the Ward.[1]

## FINDINGS OF FACT

1. That this Court has personal and subject matter jurisdiction and shall retain continuing jurisdiction in this matter until further Order.

2. The Court finds, that by the Defendants own admissions, that the Defendants, Kevin and Juliette Clifton (hereafter Kevin and Julie), were in a fiduciary relationship with Julie's great-aunt, Argie Burstein (hereafter Argie), and that they obtained the fiduciary relationship due to the following actions:

---

[1] See also *Miss. Code Ann.* § 93-13-259 (Supp. 2004); *Mullins v. Ratcliff*, 515 So.2d 1183 (Miss. 1987); *Murray v. Laird*, 446 So. 2d 575 (Miss. 1984); *Richardson v. Langley*, 426 So. 2d 780 (Miss. 1983); *Jamison v. Jamison*, 96 Miss. 288, 51 So. 130 (1910).

3

(A) Argie suffered a stroke on or about June 5, 2002 and subsequently was diagnosed with renal failure upon her admission to Memorial Hospital at Gulfport on June 5, 2002 when she was 79 years of age. While in a weakened physical and mental capacity, Julie presented a change of ownership form to Argie and she executed the form wherein Julie was added to Argie's Hancock Bank checking account between June 13-17, 2002.

(B) That Julie wrote Argie's checks for Argie's monthly expenses and other items after June 13, 2002 until October 7, 2003.

(C) That Julie received the monthly rentals and handled the deposits from Argie's tenants.

(D) That Argie executed a Power of Attorney, which was not properly notarized (by the admission of Julie) while a patient at Memorial Hospital at Gulfport on or about July 6, 2002, naming Julie as her Attorney-in Fact.

(E) Julie regularly transported Argie to and from her medical appointments.

3. The Court has heard the testimony of the Plaintiff's expert, Dr. Richard Tilley, who was admitted as an expert in the field of internal medicine. The Court notes that Dr. Tilley has served as Argie's treating physician for the last 15 years and was her attending physician at the time of her hospitalization in June 2002. Dr. Tilley testified that on June 5, 2002, that Argie was admitted to Memorial Hospital Emergency Room by Julie with symptoms of a stroke. Dr. Tilley

4

testified that the stroke was confirmed by an objective diagnostic MRI test on June 15, 2002, and that during her period of hospitalization Argie suffered serious renal failure which necessitated her being placed on kidney dialysis. During this period Argie's BUN levels reached 119 which, together with the effects of the stroke, rendered Argie completely and totally incompetent during hospitalization and for extensive periods thereafter, and that since June 5, 2002, Argie could have been the subject of undue influence - - - even to the day of trial. The Court further finds that due to the medical and mental weakness of Argie after June 5, 2002, that a Conservatorship should have been established by Julie to safeguard Argie and to provide for her proper care.

4. The Court finding that Argie was incompetent after June 5, 2002 and further finding that Julie, as a registered nurse who had previously been involved in geriatric care for many years, obtained control of her financial accounts during the period of incompetency, finds that Julie and Kevin, breached their fiduciary responsibility to Argie by allowing a "gift" from Argie to themselves of a $39,000 vehicle, the payment of extensive sums from Argie's account for renovation to the marital home of Kevin and Julie located at 17113 Lowrey Road, Gulfport, Mississippi, and the mismanagement of Argie's financial resources. Further, by the admission of Kevin and Julie, that two parcels of Argie's real property were sold in February 2003 which netted Argie approximately $140,000, who was then living in a personal care home. The Court finds that eight months later, Argie had less than $100 in her personal checking account and was virtually

5

penniless, except for one parcel of real property which was non-income producing in Gulfport, Mississippi.

5. The Court finds that counsel for the Defendant has stipulated that the mismanagement of the Defendants has caused financial damages of $188,439.53 which was itemized in a forensic accounting admitted into evidence as Exhibit "8"[2] as well as an itemized statement of damages admitted into evidence as Exhibit "12". The Court further finds that Julie and Kevin have financially benefitted from their fiduciary relationship to Argie and consequently, the Court enters a Judgment against Kevin and Julie, in favor of Argie in the amount of $188,439.53, plus 6% interest until paid in full.

6. The Court finds that this matter is a serious case and finds that Julie and Kevin used great liberties to expend the funds of Argie for their own personal and financial benefit. The Court, after carefully considering this matter, as well as the admission of the financial damages incurred by the Ward, in addition to the above Judgment, enters the following sanctions against the Defendants, jointly and severally.

## SANCTIONS

1. That the Defendants real property located at 17113 Lowery Road, Gulfport, Mississippi, shall not be partitioned, and with the admitted consent of the Defendants, be sold.

---

[2] The Plaintiff designated Jerry L. Levens, CPA, as their expert to conduct a forensic accounting. Since the $188,439.53 was stipulated by counsel, Levens did not testify but his report was admitted into evidence.

6

2. That the current real estate agent, who is the natural father of Kevin Clifton, Jr., shall be replaced by a real estate agent selected by the Conservator, who will use their best efforts to market and sell the Defendants real property. The selection of the realtor should be an individual who is suitable to the Conservator and will act in the Ward's best interests. In the event there is any objections to the substitution of the existing realtor and the cancellation of the existing Listing Agreement, the Court will review this matter upon proper notice from the parties.

3. The Court notes that there is presently a *lis pendens* filed by the Plaintiff against the Defendants marital home located at 17113 Lowery Road, Gulfport, Mississippi, and the Court hereby orders that upon the sale of the Defendants marital home, that the total net proceeds shall be paid to the Conservator to be credited as partial satisfaction toward the Judgment granted herein.

4. The Court further orders the Defendants to pay to the Conservator, beginning March 1, 2005, $500 each month, due and payable on the 1st day of each month until the Judgment is satisfied, plus all accrued interest and that said payment shall be made payable to the Conservatorship of Argie Burstein and sent to Timothy L. Murr, Perry, Murr & Teel, P. O. Box 7158, Gulfport, MS 39506.

5. In order to facilitate the sale of the marital home, that the Conservator, or his counsel, shall have full access to all information of the Defendants payments towards the outstanding mortgage, any mortgage deficiencies, notice of foreclosure, and shall receive notice of any offers from the realtor. Further, that the Defendants will cooperate regarding the showing of the home at reasonable

7

BK 1 1 6 7 PG 0 0 3 7

times and under reasonable conditions, execution of any and all documents necessary to release the above information and to sell the real property on 17113 Lowery Road, Gulfport, Mississippi. The Court specifically orders the Defendants to maintain the property in good condition and to maintain the payments of the monthly mortgage until the sale of the real property.

6. The Conservator shall appoint a designee, who is not a family member, to inspect the Defendants home with reasonable notice at reasonable times in order to insure that the real property and home is being maintained. The Defendants shall use every reasonable means to satisfy the existing Judgment without creating further debt.

7. The Court further admonishes the Defendants that no money shall be spent for expensive trips, unnecessary clothes, expensive vehicles or other non-necessities so that they can maximize their discretional income to satisfy the outstanding Judgment. The Court hereby admonishes, but does not order, the Defendants to sell their real property in Stone County, all four-wheelers, horses, tack, guns and other non-necessities to reduce their monthly overhead and that from the sale of these items the funds should be used to satisfy the existing Judgment.

8. The Court, realizing the Defendants have 5 minor children, admonishes them to continue to care for their children and does not require the Defendants to pay any federal or state tax refund, if any. The Court hereby enjoins the Defendants from caring for elderly individuals in their home, supervising any other bank or financial accounts, or real property, other than their own, until further Order.

8

9. The Defendants shall keep the counsel for the Conservator informed of their full address, including state, city, street, house number, and telephone number at all times until the Judgment is satisfied in full. Within five days of the Defendants changing their address, they shall notify in writing the Clerk of the Court of their full new address and shall furnish Timothy L. Murr, counsel for the Conservator, located at Perry, Murr & Teel, P. O. Box 7158, Gulfport, MS 39506, a copy of such notice.

VI.

The Court specifically makes no finding regarding whether or not the Defendants have violated Miss. Code Ann. § 43-47-1 *et seq.* known as the Vulnerable Adult Act, or whether or not there are any acts of embezzlement by the Defendants, as these questions shall be addressed by the Mississippi Attorney General and/or the Harrison County District Attorney.

VII.

The Court is aware of strong emotional feelings between the respective parties whom are all related. The Court hereby admonishes the siblings of the Ward, whom have openly agreed to financially support the Ward and who are senior citizens themselves, and may have limited incomes, that while the financial support to Argie Burstein is not their legal obligation, that it may become their moral obligation to support the Ward to the extent that the Defendants may be prosecuted by either state or local authorities which may cause the Judgment granted by this Court not to be satisfied for some period. The Court recommends, but does not order, the siblings to not pursue other sanctions against the Defendants, but this is not within the purview or jurisdiction of this Court. The Court notes that this case is now concluded and there should be a

9

time of healing between the parties.

VIII.

The Court finds that it has placed a grave and serious financial burden upon the Defendants and they should diligently seek to pay this Judgment in order to provide for the on-going needs of the Ward and to reimburse her for the financial damages she has suffered at their hands.

IX.

The Court specifically addresses the Judgment for Appointment of a Conservator which was entered on November 12, 2003. The Court having heard the testimony of Dr. Richard Tilley finds that the Judgment should be corrected to find that Argie Burstein was not mentally or physically capable of managing her affairs as of June 5, 2002 and all times thereafter.

X.

The Court further finding that there is approximately $10,000 in the Conservatorship account, sets a Conservators bond at $10,000 which shall be filed with the Court an approved by the Clerk of the Chancery Court.

XI.

The Court finds that due to the Defendants breach of their fiduciary relationship to Argie, and the financial benefit incurred by the Defendants, and further due to their own stipulated agreement in open Court, that the Judgment of $188,439.53 plus 6% interest, shall not be dischargable in bankruptcy. However, the Court does not prohibit the Plaintiff from any legal efforts to collect the Judgment, whether by garnishment, attachment or execution.

10

XII.

The Court denies the Plaintiff's request for punitive damages, and denies the Defendants request to have this file sealed by the Court. It is therefore,

**ORDERED AND ADJUDGED** that the above findings of fact and conclusions of law hereby become the Order of the Court as if written herein word for word. It is further,

**ORDERED AND ADJUDGED** that the Conservatorship of Argie Burstein is granted a Judgment against Juliette Clifton and Kevin Clifton, Jr., in the amount of $188,439.53 which shall accrue 6% interest until paid in full. Further, that the Chancery Clerk shall enroll this Judgment against the Defendants. It is further,

**ORDERED AND ADJUDGED** that due to the actions of the Defendants in breaching their fiduciary capacity, and further due to the mismanagement of Argie Burstein's assets which directly benefitted the Defendants, and further based upon the Defendants own admissions, the Judgment in the amount of $188,439.53 shall be non-dischargable in bankruptcy. It is further,

**ORDERED AND ADJUDGED** that the Conservator, Hertis Boyles, shall post a $10,000 bond to be approved by the Clerk of this Court within 30 days of the entry of this Judgment. It is further,

**ORDERED AND ADJUDGED** that the Defendant shall pay to the Conservator, Hertis Boyles, beginning March 1, 2005, $500.00 each month due and payable on the first day of each month until the above outlined Judgment is fully satisfied. It is further,

**ORDERED AND ADJUDGED** that the sanctions outlined herein in Paragraph V, sub-paragraphs 1-10 are hereby adopted by the Court as if written herein word for word. It is further,

11

**ORDERED AND ADJUDGED** that counsel for the Conservator shall forward a corrected Judgment for appointment of Conservator specifically finding that Argie Burstein was **not** mentally or physically capable of managing her affairs as of June 5, 2002 and all times thereafter. It is further,

**ORDERED AND ADJUDGED** that the Plaintiff's request for punitive damages is denied and the Defendants *ore tenus* Motion to have the file sealed is denied. It is further,

**ORDERED AND ADJUDGED** that the Clerk shall forward a certified copy of this Judgment to counsel for the respective parties.

**ORDERED AND ADJUDGED** this the 13th day of January, 2005 *nun pro tunc* to December 2, 2004.

*Sandy Steckler*
CHANCELLOR

SUBMITTED:

TIMOTHY L. MURR
Attorney for Conservator
Perry, Murr & Teel
P. O. Box 7158
Gulfport, MS 39506
MSB #3682

APPROVED AS TO FORM:

(See Attached fax)

RICHARD SMITH
Attorney for Defendants
Miller & Smith
P.O. Box 370
Gulfport, MS 39502
MSB #7590

12