05/13/2009 02:29 2288637077 WILLIAM HESSELL PAGE 02/05

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: KEVIN J. CLIFTON, JR.            CHAPTER 13 CASE NO:08-50372-NPO
AND JULIETTE C. CLIFTON

HANCOCK BANK            MOVANT

VERSES

KEVIN J. CLIFTON, JR. AND            RESPONDENTS
JULIETTE C. CLIFTON

### ORDER RESOLVING MOTION FOR RELIEF FROM STAY AND FOR ABANDONMENT FILED BY HANCOCK BANK AND RESOLVING TRUSTEE'S MOTION TO DISMISS (DKT NUMBERS 54 AND 60.)

These matters having come on for hearing on May 13, 2009 and the Court having heard from attorneys representing the Debtor, Hancock Bank, the Office of the Chapter 13 Trustee and the Estate of Argie B. Burstein and being fully advised in the premises finds as follows, to wit:

I.

THAT in order to allow funds to begin flowing to Creditors, including Hancock Bank, the Chapter 13 Plan (Dk. 5) in this case should be submitted for confirmation, binding all claimholders except the Estate of Argie Burstein (Claim 12). The treatment and payment of the Burstein estate claim shall be held in abeyance and determined by separate order. The Trustee is hereby directed to submit his confirmation recommendation and an order confirming Debtors' plan to this Court within five (5) days of entry of this Order.

II.

THAT The Debtors shall provide written evidence and satisfactory insurance coverage to Hancock Bank with respect to the two vehicles pledged to Hancock Bank as collateral by 5:30 P.M. on Friday, May 15, 2009 failing which the stay imposed by §362 of the United States Bankruptcy Code shall automatically terminate and lift with respect to Hancock Bank for the purpose of allowing Hancock Bank to take possession of its collateral.

III.

THAT the attorney for the Debtors shall file the adversary proceeding which he described in Court on May 13, 2009 with respect to the claim of the Estate of Argie B. Burstein within 30 days, or by Friday, June 12, 2009, failing which this case shall be dismissed, provided however that the funds presently on hand with the Trustee shall be disbursed to Creditors as provided under the February 29, 2008 plan prior to such dismissal.

SO ORDERED

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: May 18, 2009

Approved as to form and content:

_____
William P. Wessler
Attorney for Hancock Bank and
for the Estate of Argie B. Burstein

_____
Phillip Brent Dunnaway   MSB 100443
Attorney for Chapter 13, Trustee

_____
David L. Lord, Attorney for Debtors

Prepared and submitted by:
William P. Wessler
P.O. Box 175
Gulfport, MS 39502
MSB#7110

## CHAPTER 13 PLAN
## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF MISSISSIPPI    CASE NO.: _____

Debtor __Kevin J. Clifton, Jr.__    SS# XXX-XX-__7428__    Current Monthly Income $ __-0-__
Joint Debtor __Juliette C. Clifton__    SS# XXX-XX-__4340__    Current Monthly Income $ __2,741.56__
Address __17113 Lowery Rd., Gulfport, MS 39503__    No. Of Dependents __5__
Phone # __228-831-4932__

Any Federal or State Tax Refund(including Earned Income Credit) that exceeds the exemption to which the Debtor is/are entitled shall be transmitted to the Chapter 13 Trustee for application to any unsecured claims and, if paid in full, to the base amount of the plan.

THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must filed a proof of claim to be paid under any plan that may be confirmed, and the treatment of all secured/priority debts must be provided for in this plan.

**PAYMENT AND LENGTH OF PLAN**

The plan period shall be for a period of __60__ Months, not to exceed 60 months. Debtor or Joint Debtor will make payments directly to the Trustee ONLY if self-employed, unemployed, or the recipient of government benefits.
(A) Debtor will pay $ __591.00__ Per(monthly/semi-monthly/ weekly/ bi-weekly) to the Chapter 13 Trustee. A payroll deduction order will be issued to Debtor's employer    @: __Debtor__

(B) Joint Debtor will pay $ __N/a__ Per(monthly/semi-monthly/ weekly/ bi-weekly) to the Chapter 13 Trustee. A payroll deduction order will be issued to Debtor's employer    @: _____

**PRIORITY CREDITORS.** Filed claims that are not disallowed to be paid in full: IRS $ __n/a__
State Tax Commission $ __n/a__    Other $ __n/a__

DOMESTIC SUPPORT OBLIGATIONS (POST PETITION) DUE TO: _____

beginning _____ In the amount of $ _____ Per month shall be paid:
_____ Direct _____ Through payroll deduction _____ Through the plan.

PREPETITION DOMESTIC SUPPORT ARREARAGE CLAIMS DUE TO: __n/a__

in the amount of $ _____ Shall be paid:
_____ Through payroll deduction _____ Through the plan.

**HOME MORTGAGE(S)**

MTG PMTS TO: __N/a__    BEGINNING _____ @$ _____ ( )PLAN ( ) DIRECT
MTG PMTS TO: _____    BEGINNING _____ @$ _____ ( )PLAN ( ) DIRECT
MTG PMTS TO: _____    BEGINNING _____ @$ _____ ( )PLAN ( ) DIRECT
MTG ARREARS TO: _____    THROUGH _____ $ _____

Debtor's Initials /KJC/    Joint Debtor's Initials /JU/    CHAPTER 13 PLAN, PAGE 1 OF __2__

**SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(I) until plan is completed and be paid as secured claimant(s) the sum set out in the column "Total Amt. To be Paid" or pursuant to Order of the Court. That portion of the claim not paid as secured shall be paid as an unsecured claim.

| Creditor's Name | Collateral | Approx. Amt. Owed | Value | Intrst. Rate | Proposed Treatment |
|---|---|---|---|---|---|
| Hancock Bank | '04 Chevy Venture | $11,702.00 | $6,350.00 | 12% | Pay balance + 12% int. |
| Hancock Bank | '04 Chevy S-10 | $10,854.00 | $13,000.00 | 12% | Pay balance + 12% int |

**SPECIAL CLAIMANTS.** (Co-Signed debts, collateral for abandonment, etc.) ON ABANDONED COLLATERAL, DEBTOR TO PAY ZERO ON SECURED PORTION OF DEBT. Where proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditors Name | Collateral or Type of Debt | Approx. Amt. Owed | Proposal to Be Paid |
|---|---|---|---|
| Crown Resort | Timeshare | $6,000.00 | Debtors to abandon |

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including, but not limited to, adequate protection Payments:    n/a

**UNSECURED DEBTS** totaling approximately $ 290,988.21    Are to be paid in periodic payments to Creditors that have filed claims that are not disallowed:    IN FULL or APPROXIMATELY    0%

Total Attorney Fees Charged $ 2,500.00
Attorney Fees Previously Paid $ 720.00
Attorney Fees to be paid through the plan $ 1,780.00

Pay administrative costs and debtor's attorney fees Pursuant to Court Order and/or local rules.

Name/Address/Phone # of Vehicle Insurance Co./Agent

Telephone/Fax

Attorney for Debtor (Name/Address/Phone#/Email)
David L. Lord and Associates, P.A.
2300 24th Avenue
Gulfport, MS 39501
Telephone/Fax 228-868-5667/228-868-2554
Email Address lordlawfirm@bellsouth.net

DATE: 2/29/2008

DEBTORS SIGNATURE
JOINT DEBTOR'S SIGNATURE
ATTORNEY'S SIGNATURE

CHAPTER 13 PLAN, PAGE 2 OF 2