## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**IN RE:  KEVIN & JULIETTE CLIFTON**                              **CASE NO: 08-50372 NPO**

### ORDER CONFIRMING PLAN

Pursuant to 11 USC 1324, notice of an opportunity for a hearing on objection to confirmation of debtor's plan was given. The court finds that there were no objections to the confirmation of the plan, or, if so, such objections were resolved by prior orders of the Court.

THE COURT FINDS THAT:

A.    Written notice of the meeting of creditors held pursuant to 11 USC 341 was given and notice was given of an opportunity to object to the confirmation of the debtor's plan as required by Rule 2002;

B.    The plan as presented for confirmation (hereinafter referred to as "the plan") complies with the provisions of Chapter 13 of Title 11 of the United States Code and the other applicable provisions of said Title;

C.    Any fees, charges, or other amounts required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation have been paid;

D.    The plan has been proposed in good faith and is not by any means forbidden by law;

E.    The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less that the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of Title 11 of the United States Code on such date;

F.    With respect to each allowed secured claim provided for by the plan, the holder of such claim either accepted, or was deemed to have accepted, the plan as required by 1325(a) et seq.

G.    If the trustee or the holder of an allowed unsecured claim objected to the confirmation of the plan, then the court finds that the plan complies with 1325(a) et seq.

IT IS ORDERED THAT:

1.    The debtor's plan is confirmed and (if appropriate) for cause shown, payments for a period not to exceed five years is approved.

2.    The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified. If the debtor does not cause such payments to be timely made, the trustee shall order (per Section 542(b)) or request the Court to order (pursuant to Section 1325(c)) any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

3.    The debtor shall, when practicable, obtain the approval of the trustee prior to incurring additional consumer debt. The failure to obtain such approval, if practicable, may cause the claim for such debt to be unallowable to the creditor (11 USC 1305(c)), and the debt to be nondischargeable for the debtor (11 USC 1328 (d)).

4.    All property necessary for the performance of the plan shall remain property of the estate. The debtor shall be responsible for the preservation and protection of all property of the estate.

5.    The trustee shall:

   a.    Keep a detailed record of all receipts, including the source or other identification of each receipt and of all disbursement (11 USC 1302(b)(1); and
   b.    File with the Court, or if applicable, with the entity providing addressing service for the Court and the Trustee, notices of creditor's address changes brought to the attention of the Trustee (Rule 2002(g); and
   c.    Deposit all funds received by the trustee under the plan with any entity which provides insurance, guaranties or deposits in the manner prescribed by 11 USC 345.

6.    Pursuant to 11 USC 1326 the order of payment, unless otherwise directed, shall be:

   a.    Any unpaid claim of the kind specified in Section 507(a)(1) of Title 11 USC.
   b.    The percentage fee fixed for the trustee pursuant to Section 1302(a) of said title (or Section 586(e)(1) of Title 28, if applicable);
   c.    Creditors whose claims are timely filed and allowed in such amounts and order of preference as may be provided by the plan or as may be required to provide adequate protection of the interest of any entity with an interest in the property of the estate.

7.    The Trustee, the debtor and attorney for the debtor shall examine proofs of claim, or summaries thereof, and shall object to the allowance of improper claims as provided by 11 USC 704(4).

8.    The Trustee shall file annually with the Court, if so requested, a report showing the funds received and the disbursements made by him since the date of the last report, and shall upon completion of the plan file with the Court a final report and account containing or incorporating by reference a detailed statement of receipts and disbursements (Rule 13-208(5)).

9.    Ninety days after the distribution, the trustee shall stop payment of all checks then unpaid and file with the Clerk of the Court a list of the names and addresses, so far as known, of the persons entitled to such payments and the amounts thereof. The unclaimed funds shall be paid into the Court and disposed of under Chapter 129 of Title 28 (11 USC 347 and Rule 3001).

ALLOWANCES OF ATTORNEY'S FEES:

The application by the attorney for the debtor for the allowance of reasonable compensation as authorized by 11 USC 330 having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $ 2,500.00  of which $  $720.00   has been paid to such attorney prior to the filing of the petition initiating this proceeding.

The balance of the fee $  1,780.00   shall be paid by the trustee from monies received under Debtor's plan.

   **SO ORDERED**

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: May 27, 2009

2

## CHAPTER 13 PLAN
## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF MISSISSIPPI    CASE NO.: _____

Debtor ___Kevin J. Clifton, Jr.___  SS# XXX-XX-_7428___  Current Monthly Income$ ___-0-___
Joint Debtor ___Juliette C. Clifton___  SS# XXX-XX-_4340___  Current Monthly Income$ _2,741.56_
Address ___17113 Lowery Rd., Gulfport, MS 39503___  No. Of Dependents ___5___
Phone # ___228-831-4932___
Any Federal or State Tax Refund(including Earned Income Credit)that exceeds the exemption to which the Debtor is/are entitled shall be transmitted to the Chapter 13 Trustee for application to any unsecured claims and, if paid in full, to the base amount of the plan.

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must filed a proof of claim to be paid under any plan** that my be confirmed, and the treatment of all secured/priority debts must be provided for in this plan.

## PAYMENT AND LENGTH OF PLAN

The plan period shall be for a period of ___60___ Months, not to exceed 60 months. Debtor or Joint Debtor will make payments directly to the Trustee ONLY if self-employed, unemployed, or the recipient of government benefits.
(A) Debtor will pay $__591.00 *__ Per(monthly/semi-monthly/ weekly/ bi-weekly) to the Chapter 13 Trustee. A payroll deduction order will be issued to Debtor's employer    @: __Debtor_____

  * FOR 14 MONTHS. INCREASE
  TO $1604 P/mo FOR REMAINING
  46 MOS COMMENCING W/ 6/09 PLAN PAYMENT.

(B) Joint Debtor will pay $___N/a___ Per(monthly/semi-monthly/ weekly/ bi-weekly) to the Chapter 13 Trustee.
A payroll deduction order will be issued to Debtor's employer    @: _____

**PRIORITY CREDITORS.** Filed claims that are not disallowed to be paid in full: IRS $___n/a_____
State Tax Commission $___n/a_____ Other $___n/a_____

DOMESTIC SUPPORT OBLIGATIONS (POST PETITION) DUE TO: _____

beginning _____ In the amount of $_____ Per month shall be paid:
_____ Direct _____ Through payroll deduction _____ Through the plan.

PREPETITION DOMESTIC SUPPORT ARREARAGE CLAIMS DUE TO: ___N/a_____

In the amount of $_____ Shall be paid:
_____ Through payroll deduction _____ Through the plan.

## HOME MORTGAGE(S)

| | | | | | |
|---|---|---|---|---|---|
| MTG PMTS TO: | ___N/a___ | BEGINNING ___ | @$___ | ( )PLAN ( ) DIRECT |
| MTG PMTS TO: | ___ | BEGINNING ___ | @$___ | ( )PLAN ( ) DIRECT |
| MTG PMTS TO: | ___ | BEGINNING ___ | @$___ | ( )PLAN ( ) DIRECT |
| MTG ARREARS TO: | ___ | THROUGH ___ | $___ | |

Debtor's Initials _____  Joint Debtor's Initials _____    CHAPTER 13 PLAN, PAGE 1 OF _2_

**SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) under 11 U.S.C. 1325(a)(5)(B)(I) until plan is completed and be paid as secured claimant(s) the sum set out in the column "Total Amt To be Paid" or pursuant to Order of the Court. That portion of the claim not paid as secured shall be paid as an unsecured claim.

| Creditor's Name | Collateral | Approx. Amt. Owed | Value | Intrst. Rate | Proposed Treatment |
|---|---|---|---|---|---|
| Hancock Bank | '04 Chevy Venture | $11,702.00 | $6,350.00 | 12% | Pay balance + 12% int. @ 260.30 MO. |
| Hancock Bank | '04 Chevy S-10 | $10,854.00 | $13,000.00 | 12% | Pay balance + 12% int @ 241.44 MO. |

**SPECIAL CLAIMANTS.** (Co-Signed debts, collateral for abandonment, etc.) ON ABANDONED COLLATERAL, DEBTOR TO PAY ZERO ON SECURED PORTION OF DEBT. Where proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| Creditor's Name | Collateral or Type of Debt | Approx. Amt. Owed | Proposal to Be Paid |
|---|---|---|---|
| Crown Resort | Timeshare | $6,000.00 | Debtors to abandon |

(C.12) ESTATE OF BURSTEIN - CONFIRMATION NOT BINDING. TREATMENT & PAYMENT HELD IN ABEYANCE & DETERMINED BY SEPARATE ORDER PER 5/18/09 ORDER.

**SPECIAL PROVISIONS** for all payments to be paid through the plan, including, but not limited to, adequate protection Payments: ___n/a___

PER CLAIMS REGISTER. DOESN'T INC. BURSTEIN CLAIM.

**UNSECURED DEBTS** totaling approximately $ 112123.53____ Are to be paid in periodic payments to Creditors that have filed claims that are not disallowed: ___ IN FULL or APPROXIMATELY __36%__ PER 6/23/08 ORDER.

Total Attorney Fees Charged $ 2,500.00
Attorney Fees Previously Paid $ 720.00
Attorney Fees to be paid through the plan $ 1,780.00

Pay administrative costs and debtor's attorney fees
Pursuant to Court Order and/or local rules.

Name/Address/Phone # of Vehicle Insurance Co./Agent

Attorney for Debtor (Name/Address/Phone#/Email)
David L. Lord and Associates, P.A.
2300 24th Avenue
Gulfport, MS 39501
Telephone/Fax 228-868-5667/228-868-2554
Email Address lordlawfirm@bellsouth.net

Telephone/Fax _____

DATE: 2/29/2008

DEBTORS SIGNATURE _____

JOINT DEBTOR'S SIGNATURE _____

ATTORNEY'S SIGNATURE _____

CHAPTER 13 PLAN, PAGE 2 OF ___2___